# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**RANDALL CROWE**  **PLAINTIFF**
*Individually, and on behalf of all wrongful*
*death beneficiaries, and as administrator*
*of the Estate of Louis Lee Crowe*

v.   Case No. 4:19-cv-00668-LPR

**3M COMPANY,** *et al*.   **DEFENDANTS**

## ORDER

On September 28, 2020, Plaintiff Randall Crowe and Separate Defendants Cyprus Amax Minerals Co. and Cyprus Mines Corporation jointly filed a "Stipulation for Dismissal." (Doc. 108). The Stipulation does not meet either of the Rule 41(a)(1) requirements for dismissal without a court order.[1] Instead, the Stipulation states that the aforementioned parties have resolved their dispute in this case and that "the Court may enter an Order of Dismissal with prejudice" as to the claims involving those specific parties. (*Id.*).

On October 9, 2020, the Court held a telephonic hearing with all of the parties who have appeared in the case. (Doc. 111). At the hearing, both the attorney for Mr. Crowe and the attorney for the Cyprus Defendants indicated that the Stipulation should be construed as a request for an order of dismissal under Rule 41(a)(2). (Tr. at 10). Under Rule 41(a)(2), the Court may dismiss an action "on terms that the court considers proper." To make this determination, the Court considers "whether the party has presented a proper explanation for its desire to dismiss; whether

---

[1] According to Federal Rule of Civil Procedure 41(a)(1), "the plaintiff may dismiss an action without a court order by filing" either "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment," or "a stipulation of dismissal signed by all parties who have appeared."

a dismissal would result in a waste of judicial time and effort; and whether a dismissal will prejudice the defendants."[2]

The Stipulation states that Mr. Crowe and the Cyprus Defendants have resolved their dispute for purposes of this case.  Settlement is a proper reason for seeking dismissal.  The Stipulation also states that the claims against the Cyprus entities should be dismissed with prejudice.  Because of this, it is clear that ordering dismissal will not result in a waste of judicial time, a waste of judicial effort, or prejudice to the Cyprus Defendants.

The Court therefore DISMISSES WITH PREJUDICE Plaintiff's claims against Cyprus Amax Minerals Co. and Cyprus Mines Corporation.  This dismissal has no positive or negative effect on the remaining Defendants' right to seek a nonbinding allocation of fault against the Cyprus entities.  After reviewing the Arkansas caselaw, the Court is not certain at this juncture of the extent of that right.  The Court means only to say that whatever the extent of that right, the current dismissal does not broaden or narrow that right.[3]

IT IS SO ORDERED this 8th day of December 2020.

_____
LEE P. RUDOFSKY
UNITED STATES DISTRICT COURT

---

[2] *SnugglyCat, Inc. v. Opfer Commc'ns, Inc.*, 953 F.3d 522, 526 (8th Cir. 2020) (quoting *United States v. Thirty-Two Thousand Eight Hundred Twenty Dollars and Fifty-Six Cents ($32,820.56) in United States Currency ($32,820.56 in U.S. Currency)*, 838 F.3d 930, 937 (8th Cir. 2016)).

[3] For this reason, the crossclaims against Cyprus Amax Minerals Co. and Cyprus Mines Corporation are not dismissed.