# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**RANDALL CROWE**　　　　　　　　　　　　　　　　　　　　　　　　　　**PLAINTIFF**
*Individually, and on behalf of all wrongful*
*death beneficiaries, and as administrator*
*of the Estate of Louis Lee Crowe*


v.　　　　　　　　　Case No. 4:19-cv-00668-LPR


**3M COMPANY,** *et al.*　　　　　　　　　　　　　　　　　　　　　　　**DEFENDANTS**

## ORDER

On January 19, 2021, Plaintiff Randall Crowe and Separate Defendant Ribelin Sales, Inc., now known as Azelies Americas CASE, LLC, ("Ribelin") filed a "Stipulation for Dismissal." (Doc. 118). The Stipulation does not meet either of the Rule 41(a)(1) requirements for dismissal without a court order.[1] Under Rule 41(a)(2), the Court may dismiss an action "on terms that the court considers proper." To make this determination, the Court considers: "whether the party has presented a proper explanation for its desire to dismiss; whether a dismissal would result in a waste of judicial time and effort; and whether a dismissal will prejudice the defendants."[2] The Stipulation states that Mr. Crowe and Ribelin have resolved their dispute for purposes of this case. Settlement is a proper reason for seeking dismissal. The Stipulation also states that the claims against Ribelin should be dismissed with prejudice. Because of this, it is clear that ordering dismissal will not result in a waste of judicial time, a waste of judicial effort, or prejudice to Ribelin.

---

[1] According to Federal Rule of Civil Procedure 41(a)(1), "the plaintiff may dismiss an action without a court order by filing" either "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment," or "a stipulation of dismissal signed by all parties who have appeared."

[2] *SnugglyCat, Inc. v. Opfer Commc'ns, Inc.*, 953 F.3d 522, 526 (8th Cir. 2020) (quoting *United States v. Thirty-Two Thousand Eight Hundred Twenty Dollars and Fifty-Six Cents ($32,820.56) in United States Currency ($32,820.56 in U.S. Currency)*, 838 F.3d 930, 937 (8th Cir. 2016)).

The Court therefore DISMISSES WITH PREJUDICE Plaintiff's claims against Ribelin Sales Inc., now known as Azelies Americas CASE, LLC.  This dismissal has no positive or negative effect on the remaining Defendants' right to seek a nonbinding allocation of fault against Ribelin.  After reviewing the Arkansas caselaw, the Court is not certain at this juncture of the extent of that right.  The Court means only to say that whatever the extent of that right, the current dismissal does not broaden or narrow that right.[3]

Each of the parties to this Stipulation are responsible for their own costs and attorneys' fees.  The Court retains jurisdiction of this matter for the purpose of resolving any disputes that might arise between the parties to this Stipulation concerning the terms and provisions of their settlement and to enforce the terms and provisions of the settlement agreement and release.

IT IS SO ORDERED this 9th day of February 2021.

_____
LEE P. RUDOFSKY
UNITED STATES DISTRICT COURT

---

[3] For this reason, the crossclaims against Ribelin are not dismissed.